TEASS' ADMINISTRATOR, Appellant, v. BOYD, Respondent.

1. A compliance within the time agreed upon with the condition upon which a conditional sale of a chattel is to be void or the property returned revests the title; and an offer to comply, or a tender of the money, is equivalent to payment, at least so far as to enable the vendor to maintain his action at law for the property or its value.

*Appeal from Warren Circuit Court.*

*Wells,* for appellant.

*Morsey* and *E. A. Lewis,* for respondent.

NAPTON, Judge, delivered the opinion of the court.

This action must be regarded as an action for the recovery of specific personal property, or for the recovery of money. The petition, it is true, is essentially defective, regarding it in any light; but it is certainly not intended as a bill for a specific performance of a contract, for no circumstances are alleged to exist which would render damages at law an inadequate compensation for its breach. It is not a bill for the redemption of mortgaged property, for a mortgage is not alleged. The complaint states the case of a conditional sale

of a slave, but does not aver that the purchase money was tendered to the defendant according to the alleged terms of the contract. In a conditional sale of a chattel, a compliance with the condition, upon which the sale is to be void or the property returned, within the time agreed upon, revests the title; and an offer to comply, or a tender of the money, is equivalent to payment, at least so far as to enable the vendor to maintain his action at law for the property or its value. (Bennett v. Holt, 2 Yerg. 6.) And this, we suppose, is what was intended in this case, and so the action was regarded upon the trial. A jury was waived by consent of both parties and the case submitted to the court. All the testimony offered in the case was admitted without objection. No instructions are preserved on the record. Under these circumstances it is impossible for this court to know what point was decided by the circuit court, except that the verdict and judgment were for the defendant.

The judgment must be affirmed; the other judges concur.